**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONIVAN DIAZ,

          Plaintiff-Appellant,

  v.

RAYMOND MADDEN, Warden; RHONDA A. BUMGART, Litigation Coordinator; NOE TELLES, Litigation Coordinator; D. LOOP, Correctional Lieutenant,

          Defendants-Appellees.

No.   21-56350

D.C. No. 3:20-cv-02147-GPC-BGS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted January 18, 2023[**]

Before:   GRABER, PAEZ, and NGUYEN, Circuit Judges.

California state prisoner Donivan Diaz appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process and access-to-courts claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We affirm.

The district court properly dismissed Diaz's due process claim because Diaz failed to allege facts sufficient to show that he was deprived of a property interest. *See Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010) (explaining that a procedural due process claim requires a "deprivation of a constitutionally protected liberty or property interest").

The district court properly dismissed Diaz's access-to-courts claim relating to his criminal case because Diaz was represented by counsel during his criminal proceedings.  *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (explaining that the availability of court-appointed counsel satisfies the constitutional obligation to provide meaningful access to the courts).

The district court properly dismissed Diaz's access-to-courts claim relating to his habeas cases because Diaz failed to allege facts sufficient to show that he was prejudiced in any existing or contemplated litigation.  *See Lewis v. Casey*, 518 U.S. 343, 348-49, 351-53 (1996) (explaining that access-to-courts claims require an actual injury to a non-frivolous legal claim); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (stating that "the underlying cause of action, whether anticipated

or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation").

The district court did not abuse its discretion by denying Diaz's request for appointment of counsel. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (concluding that no "exceptional circumstances" justified appointing counsel because the plaintiff was unlikely to succeed on the merits and had been able to articulate his legal claims in light of the complexity of issues involved); *Solis v. County of Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008) (setting forth standard of review).

**AFFIRMED.**